UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-643-MOC-DCK

| KIMBERLY L. STROUD, | ) | |
|---|---|---|
| Plaintiff, pro se, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TJX COMPANIES/HOME GOODS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Motion for Default Judgment. (Doc. No. 11).

Federal Rules of Civil Procedure 55 "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The Federal Rules create a two-step process for entry of default judgment. First, the non-defaulting party must move for entry of default under Rule 55(a). See FED. R. CIV. P. 55(a). "The Clerk of the Court's interlocutory entry of default pursuant to Federal Rule of Civil Procedure 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court." Hummel v. Hall, 868 F. Supp. 2d 543, 547 (W.D. Va. 2012) (citing Carbon Fuel Co. v. USX Corp., 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998)). Once the Clerk of Court has issued an entry of default, the non-defaulting party may then move for entry of default judgment under Rule 55(b). Id.

Here, Plaintiff has not yet moved for entry of default by the Clerk's office under

1

Rule 55(a). Thus, Plaintiff's pro se Motion for Default Judgment, (Doc. No. 11), is premature and will be **DENIED**.

    **IT IS SO ORDERED.**

Signed: January 23, 2024

Max O. Cogburn Jr.
United States District Judge

2

Case 3:22-cv-00643-MOC-DCK   Document 12   Filed 01/23/24   Page 2 of 2