UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-643-MOC-DCK

| KIMBERLY L. STROUD, | ) |  |
|---|---|---|
| Plaintiff, pro se, | ) |  |
| vs. | ) | **ORDER** |
| TJX COMPANIES/HOME GOODS, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on a Motion to Dismiss, filed by Defendant THE TJX COMPANIES, INC. ("TJX"),[1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 15). Plaintiff has filed a response to the motion (Doc. No. 21) and Defendant has filed a reply (Doc. No. 24).

### I. BACKGROUND

This action involves claims by pro se Plaintiff Kimberly Stroud, a former employee of Defendant, that Defendant discriminated against her based on disability, in violation of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 (the "ADA"), and based on sex in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (Doc. No. 1, Compl. at 3–4).

---

[1] Incorrectly named by Plaintiff as TJX Companies/HomeGoods.

1

On or about March 15, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging Defendant discriminated and retaliated against her based on her unspecified disability in violation of the ADA. (See Gov't Ex. A, EEOC Charge of Discrimination). Plaintiff did not allege sex discrimination in her Charge. The EEOC issued a Determination and Notice of Rights to Plaintiff on April 6, 2022, informing Plaintiff she had ninety days from receipt of the notice to file a lawsuit in state or federal court. (See Gov't Ex. B, Determination and Notice of Rights).

Plaintiff filed her Complaint in this action on November 28, 2022. (Doc. No. 1.) In the Complaint, Plaintiff alleges Defendant discriminated against her based on disability in violation of the ADA and based on sex in violation of Title VII. (Id. at 3–4). Specifically, Plaintiff alleges Defendant failed to promote her, subjected her to unequal terms and conditions of employment, failed to accommodate her disability, and retaliated against her, among other allegations.[2] (Id. at 4, 8–9).

## II.     STANDARDS OF REVIEW

Defendants move to dismiss this action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) and for failure to state a claim under FED. R. CIV. P. 12(b)(6).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of a claim for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction to avoid dismissal. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on

---

[2] It is unclear whether Plaintiff is alleging retaliation in violation of Title VII, the ADA, both, or neither. Regardless, any claim of retaliation fails for the same reasons set forth herein.

2

the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Failure to exhaust administrative remedies is grounds for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009)) ("When a plaintiff fails to exhaust his administrative remedies in a Title VII action, the federal court is deprived of subject matter jurisdiction.").

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2

3

(E.D.N.C. July 6, 2018) (alteration in original) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

The Court will grant the motion to dismiss because: (1) Plaintiff failed to file her Complaint within ninety days of receipt of the Notice of Right to Sue for her disability discrimination claim; and (2) Plaintiff failed to exhaust her administrative remedies in relation to her sex discrimination claim.

A plaintiff must file his or her civil action within ninety days of receipt of a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Where a plaintiff neglects to file suit within the ninety-day limitations period, the claims are time-barred and subject to dismissal. See Bryant v. Bell Atl. Md., 288 F.3d 124, 132 n.4 (4th Cir. 2002); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653–54 (4th Cir. 1987). Here, Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC alleging disability discrimination in violation of the ADA, and the EEOC issued Plaintiff a Notice of Right to Sue ("Notice") on April 6, 2022. (See Ex. B). This Notice informed Plaintiff that she had ninety days from receipt to file a lawsuit in federal or state court. (Id.). However, Plaintiff did not file her lawsuit until November 28, 2022 – over 230 days later. (See Doc. No. 1). Plaintiff's failure to file suit within ninety days bars the claim. See, e.g., Scott v. Teachers Annuity Assoc. of Am., No. 3:12-CV-00697, 2013 WL 2948315, at *2 (W.D.N.C. June 14, 2013) (dismissing plaintiff's claims because she failed to file her claims within ninety days of receipt of a notice of right to sue); Land v. Food Lion, LLC, No. 3:12-cv-00006, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) (dismissing the plaintiff's complaint as untimely where he failed to file his Title VII claims within ninety days after receipt of notice of right to sue).

Plaintiff appears to ask this Court to exercise equitable tolling, alleging her disabilities are "Anxiety, Diabetes, and Elevated blood pressure," that she was out of work for "stress-related issues concerning [her] job," and that stress at work "caused added stress and also caused [her] blood pressure to get elevated." (Doc. No. 21 at 5). Plaintiff does not show how these general allegations toll the statute of limitations and excuse her filing the Complaint 146 days late. She does not argue these alleged factors created extraordinary circumstances beyond her control that prevented her from filing on time. See Robinson v. Driven Brands Shared Servs., No. 3:19-cv-375-MOC-DCK, 2020 WL 506754, at *2 (W.D.N.C. Jan 30, 2020) ("Equitable tolling is available only in those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.") (citing Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)) (internal quotation marks omitted)). Therefore, Plaintiff's ADA claim is time-barred and must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

Additionally, Plaintiff's Title VII claim fails because she failed to exhaust her administrative remedies. Before a plaintiff files suit under Title VII, she must first file a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). The EEOC charge defines the scope of a plaintiff's right to bring a subsequent civil action in federal court. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). If a plaintiff fails to file a charge of discrimination and exhaust her administrative remedies, a federal court lacks subject matter jurisdiction over the claim of discrimination. Jones, 551 F.3d at 300.

A plaintiff, therefore, is generally limited to the allegations contained in the

administrative charge of discrimination in a subsequent federal lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996); Chacko, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Jones, 551 F.3d at 300 ("The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."). For example, a plaintiff who only alleges race discrimination in his charge of discrimination may not maintain an action in federal court based on an allegation of age discrimination. See Chacko, 429 F.3d at 509. Courts, however, must liberally construe an administrative charge of discrimination because it is typically not prepared by an attorney. Chacko, 429 F.3d at 509; Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011).

In her EEOC Charge, Plaintiff alleged that Defendant discriminated and retaliated against her based on her disability. (See Ex. A). Plaintiff did not allege sex discrimination. (Id.). Because Plaintiff did not allege sex discrimination in her EEOC Charge, she failed to exhaust administrative remedies for the Title VII sex discrimination claim, and this Court lacks subject matter jurisdiction. See Evans, 80 F.3d at 963 (affirming dismissal of age discrimination claim where the charge only alleged sex discrimination, holding that "age discrimination does not necessarily flow from sex discrimination and vice versa"); May v. RHA Health Servs., Inc., No. 1:15-cv-291, 2016 WL 240337, at *3 (W.D.N.C. June 23, 2016) (dismissing plaintiff's sex discrimination claim for lack of subject matter jurisdiction, where plaintiff failed to exhaust administrative remedies because the charge alleged only retaliation).

In her response to the motion to dismiss, Plaintiff does not argue that she exhausted her administrative remedies for a Title VII sex claim. Instead, she argues her failure to allege sex discrimination in her Charge should not preclude her from now seeking remedy under Section

1981. (Doc. No. 21 at 8). However, the Complaint does not set forth a claim under 42 U.S.C. § 1981 or allege race discrimination in any manner. (Doc. No. 1). Likewise, Plaintiff's discussion of retaliation is misplaced, as her Charge alleged retaliation only "based on [her] medical condition" under the ADA. (Doc. No. 15-2 at 2). Therefore, the Court must dismiss Plaintiff's Title VII sex claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant's motion to dismiss and dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motions to Dismiss, (Doc. No. 15), is **GRANTED**.
2. This action is dismissed.
3. The Clerk is directed to terminate this action.

Max O. Cogburn Jr
United States District Judge